UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DARRYL LAMONT DAVIS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 12-1076 (RBW) |
| UNITED STATES DEPARTMENT OF JUSTICE, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION**

This matter is before the Court on the Defendant's Motion for Summary Judgment [ECF No. 13]. For the reasons discussed below, the motion will be granted.[1]

I. BACKGROUND

In October 2011, the plaintiff submitted a request under the Freedom of Information Act ("FOIA"), *see* 5 U.S.C. § 552, to the Executive Office for United States Attorneys ("EOUSA") for the following information:

> Any and all DNA evidence and information pertaining to DNA evidence in Criminal Case Number: 3:07-cr-66 for the United States District Court for the Eastern District of Tennessee. The AUSA is Tracy L. Stone and Defense Attorney is Steven G. Shope. The Magistrate Judge who presided over the pretrial hearing in which this DNA evidence was removed by AUSA Tracy L. Stone is Magistrate Judge Bruce Guyton. The District Judge who presided over this case is Thomas W. Phillips. The requested

---

[1] The plaintiff's Motion to Expedite Judicial Proceedings in Freedom of Information Act Suit [ECF No. 17] will be denied as moot.

1

> DNA evidence and information pertaining to this DNA evidence is contained in the files of AUSA Tracy L. Stone.
>
> I am the defendant in . . . case (3:07-cr-66) and the DNA evidence and information pertaining to the DNA evidence pertains directly to me, and I have a right to this evidence.

Complaint ("Compl."), Exhibit ("Ex.") A (Freedom of Information Act Request). The EOUSA released in part "three pages that came from AUSA Tracy L. Stone," one of which referred to "three (3) FBI Form FD-302 investigation reports dated for 6/7/2007, 7/2/2007, and 7/22/2007" and two compact discs. Compl. ¶ 6. In addition, the EOUSA withheld one page of grand jury material in full, and referred records to the Federal Bureau of Investigation ("FBI"). *See generally id.*, Ex. D & D-2 (Letter to the plaintiff from Susan B. Gerson, Acting Assistant Director, Freedom of Information & Privacy Staff, EOUSA, dated January 26, 2012). All of the 103 pages of records referred by the EOUSA to the FBI were ultimately released to the plaintiff in redacted form. Memorandum of Points & Authorities in Support of Defendants Mottion for Summary Judgment ("Def.'s Mem."), Declaration of David M. Hardy ("Hardy Decl.") ¶¶ 5-6.

According to the plaintiff, even though the records he requests allegedly "are in the possession, custody, and control of the EOUSA," Compl. ¶ 18, the EOUSA is "improperly withholding [them]," *id.* ¶ 19. He demands, among other relief, a court order directing the EOUSA "to disclose to [him] all DNA records, whether paper or electronic or otherwise . . . , including the initial testing, analysis, and results of the testing." *Id.* at 6.

## II. DISCUSSION

### A. *Summary Judgment Standard of Review in FOIA Cases*

"FOIA cases typically and appropriately are decided on motions for summary judgment." *Defenders of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 87 (D.D.C. 2009). Courts will

grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). Summary judgment in a FOIA case may be based solely on information provided in an agency's supporting affidavits or declarations if they are "relatively detailed and non-conclusory," *Safecard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (internal quotations and citations omitted), and when they

> describe the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record [or] by evidence of agency bad faith.

*Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981). "To successfully challenge an agency's showing that it complied with the FOIA, the plaintiff must come forward with 'specific facts' demonstrating that there is a genuine issue with respect to whether the agency has improperly withheld extant agency records." *Span v. DOJ*, 696 F. Supp. 2d 113, 119 (D.D.C. 2010) (quoting *DOJ v. Tax Analysts,* 492 U.S. 136, 142 (1989)).

"When, as here, an agency's search is questioned, the agency is entitled to summary judgment upon a showing, through declarations that explain in reasonable detail and in a nonconclusory fashion the scope and method of the search, that it conducted a search likely to locate all responsive records." *Brestle v. Lappin*, __ F. Supp. 2d __, __, 2013 WL 3107486, at *2 (D.D.C. June 20, 2013) (citing *Perry v. Block*, 684 F.2d 121, 126 (D.C. Cir. 1982)).

### B. The EOUSA's Search for Responsive Records

Because each United States Attorney's Office maintains records for criminal matters prosecuted by that office, EOUSA staff forwarded the plaintiff's request to the United States Attorney's Office for the Eastern District of Tennessee ("USAO/TENN"). Def.'s Mem.,

3

Declaration of David Luczynski ("Luczynski Decl.") ¶ 11. The FOIA Contact at USAO/TENN then "began a systemic search for records on Darryl Davis to determine the location of any . . . files relating to him." *Id.* First, the FOIA Contact apparently located a case file associated with the plaintiff's criminal case and "searched for records from the case files in that case." *Id.* Next, he "sent e-mails to the Assistant United States Attorney in the Criminal Division to ascertain whether [he or she] had any responsive records." *Id.* Lastly, the FOIA Contact searched the LIONS system, "a computer tracking system for the United States Attorney offices . . . to track cases and to retrieve files pertaining to cases and investigations." *Id.* Through LIONS, a user "access[es] databases which can be used to retrieve . . . information based on a defendant's name, the USAO number (United States' Attorney's Office internal administrative number), and the district court case number." *Id.* The FOIA Contact's LIONS search used the plaintiff's name as a search term. *Id.* In the end, the search yielded four pages of records originating from the EOUSA and 103 pages of records originating from the FBI. *See id.* ¶ 7.

The plaintiff raises three objections to the EOUSA's search. First, he contends that the EOUSA "failed to provide . . . any of the requested information," Pro Se Plaintiff's Opposition to Defendant's Motion for Summary Judgment ("Pl.'s Opp'n") at 2. For example, he claims that the FBI has released a document referencing a subpoena for the collection of DNA evidence, yet "the [d]efendant has not provided [him] with said [subpoena]." *Id.* Second, the plaintiff asserts that the supporting declarations "are not conclusive," such that "there may exist many other responsive documents . . . including the alleged subpoena that has not been provided [although] clearly identified within a document created by the FBI." *Id.* at 3. Third, the plaintiff contends that the EOUSA "has limited its search to general files and does not explain its method of search." *Id.* at 2. None of these challenges has merit.

Even though the EOUSA has located a document which refers to additional materials of interest to the plaintiff, neither the EOUSA nor the FBI is obligated to search for them. No agency is "obliged to look beyond the four corners of the request for leads to the location of responsive documents." *Kowalczyk v. Dep't of Justice,* 73 F.3d 386, 389 (D.C. Cir. 1996). Nor does the FOIA require an agency to retrieve documents which previously may have been in its possession. *See Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 152 (1980) (noting FOIA's requirement that an agency "provide access to those [agency records] which it in fact has created and retained" (emphasis added)). In any event, in this case the FBI is not obligated to conduct a search at all. The plaintiff submitted his FOIA request to the EOUSA, and the FBI's obligation is limited to the processing of the documents referred to it by the EOUSA. *See White v. DOJ*, __ F. Supp. 2d __, __, 2013 WL 3466892, at *3 (D.D.C. July 9, 2013) (citations omitted).

The plaintiff's level of satisfaction with the results of the EOUSA's search is not dispositive. *See Iturralde v. Comptroller of Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003) ("[T]he adequacy of a FOIA search is generally determined not by the fruits of the search, but by the appropriateness of the methods used to carry out the search."). "[T]he [mere] fact that a particular document was not found does not demonstrate the inadequacy of a search." *Boyd v. Criminal Div. of DOJ,* 475 F.3d 381, 390-91 (D.C. Cir. 2007) (citations omitted); *see Moore v. Aspin*, 916 F. Supp. 32, 35 (D.D.C. 1996) ("The issue in a FOIA case is not whether the [agency's] searches uncovered responsive documents, but rather whether the searches were reasonable."). Nor is the plaintiff's unsupported assertion as to the existence of additional responsive records persuasive, because "speculation as to the existence of additional records . . .

5

does not render the searches inadequate." *Concepción v. FBI,* 606 F. Supp. 2d 14, 30 (D.D.C. 2009).

The EOUSA's declarant explains in reasonable detail the scope, methods and results of the search. Based upon the information provided by the plaintiff in his FOIA request, the EOUSA forwarded the request to the USAO/TENN, the district in which the plaintiff was prosecuted. The declarant describes the FOIA Contact's efforts to locate responsive records by searching case files, sending emails to other personnel who may have responsive records, and by querying the case tracking database. The EOUSA's declarant avers that "[a]ll documents responsive to [the] plaintiff's FOIA request have been located in the [USAO/TENN]," Def.'s Mem., Luczynski Decl. ¶ 12, and that "[t]here are no other records systems or locations within the EOUSA or [Department of Justice] in which other files pertaining to Plaintiff's name were maintained." *Id.* ¶ 11. Nor, the declarant states, were there "other records systems or locations within the Eastern District of Tennessee in which other files pertaining to [the] plaintiff's criminal case[] were maintained." *Id.* ¶ 13.

On this record, the Court concludes that the EOUSA's search was reasonably calculated to locate records responsive to the plaintiff's FOIA request. The defendant's motion for summary judgment on the adequacy of the search is therefore granted.

### *C. Information Withheld Under Exemptions 3, 6 and 7(C)*

According to the plaintiff, "[t]he defendants[] [sic] claim that certain information and records are exempt from disclosure is erroneous and constitutes an improper holding of agency records . . . ." Motion to Expedite Judicial Proceedings in Freedom of Information Act Suit ("Pl.'s Mot. to Expedite") at 3. Aside from a vague reference to grand jury information withheld

by the EOUSA, *see id.* at 7, the plaintiff articulates no legal argument in response to the agencies' reliance on Exemptions 3, 6 and 7(C).[2] Nevertheless, the Court briefly addresses these exemptions.

### 1. Exemption 3

Exemption 3 covers records that are "specifically exempted from disclosure by statute . . . provided that such statute either "(A) [requires withholding] in such a manner as to leave no discretion on the issue," or "(B) establishes particular criteria for withholding or refers to particular types of matters to be withheld." 5 U.S.C. § 552 (b)(3); *see also Senate of the Commonwealth of Puerto Rico v. DOJ*, 823 F.2d 574, 582 (D.C. Cir. 1987). Rule 6 of the Federal Rules of Criminal Procedure, which is considered a statute for purposes of Exemption 3 because Congress "positively" enacted it, *see Fund for Constitutional Gov't v. Nat'l Archives & Records Serv.,* 656 F.2d 856, 867-68 (D.C. Cir. 1981), prohibits disclosure of "matters occurring before [a] grand jury." Fed. R. Crim. P. 6(e)(2); *see In re Motions of Dow Jones & Co., Inc.*, 142 F.3d 496, 498-501 (D.C. Cir.), *cert. denied sub nom.*, *Dow Jones & Co. v. Clinton*, 525 U.S. 820 (1998).

The EOUSA relies on Exemption 3 in conjunction with Rule 6 of the Federal Rules of Criminal Procedure "categorically to deny parts of the request submitted by the plaintiff" insofar as the relevant records "were specifically identified as grand jury materials." Def.'s Mem.,

---

[2] The plaintiff does not challenge the FBI's reliance on Exemptions 7(C),7(D) and 7(E), and the Court treats these matters as conceded. *See Lewis v. Dist. of Columbia*, No. 10-5275, 2011 WL 321711, at *1 (D.C. Cir. Feb. 2, 2011) (per curiam) ("'It is well understood in this Circuit that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat arguments that the plaintiff failed to address as conceded.'" (citation omitted)). In any event, on review of the FBI's declaration and Vaughn Index, the Court concludes that the FBI adequately demonstrates that the information withheld falls within the claimed exemptions.

Luczynski Decl. ¶ 17. According to the EOUSA declarant, release of this information "would impermissibly reveal the scope of the grand jury and the direction of the investigation by providing the identities of the targets of the investigation, the source of the evidence, as well as the actual evidence produced before the grand jury." *Id.* In addition, the declarant explains, release "would provide [the plaintiff] with the scope of the grand jury's investigation" by indicating where the government sought evidence, how the government developed its case, and the persons on whom the government relied to develop elements of the alleged crimes. *Id.* For these reasons, the EOUSA withheld "relevant parts of the plaintiff's FOIA request . . . in full." *Id.*

The plaintiff contends that the EOUSA has improperly withheld "an alleged Grand Jury Subpoena and other related documents[] that should have been disclosed to the defense during the criminal proceedings under applicable discovery rules," and that it now improperly "claims that said records and information [are] exempt from disclosure under Rule 6." Pl.'s Mot. to Expedite at 7. The plaintiff's belief that certain information should have been disclosed during his criminal case does not translate into an obligation on the part of the EOUSA to release information that otherwise is protected under a FOIA exemption. *See United States v. Murdock*, 538 F.2d 599, 602 (5th Cir. 1977) (holding that "the discovery provisions of the Federal Rules of Criminal Procedure and the FOIA provide two independent schemes for obtaining information through the judicial process"); *Marshall v. FBI*, 802 F. Supp. 2d 125, 136 (D.D.C. 2011) (noting that "disclosure obligations under FOIA and disclosure obligations in criminal proceedings are separate matters, governed by different standards"). And he submits nothing to rebut the declarant's assertion that Exemption 3 applies.

8

Based on the declarant's showing that release of certain information would reveal the scope of the grand jury and the direction of its investigation, and absent any showing by the plaintiff to the contrary, the Court concludes that the withholding of the grand jury material is appropriate.

2. Exemptions 6 and 7(C)

Exemption 6 protects information about individuals in "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). Any information that "applies to a particular individual" qualifies for consideration under this exemption. *U.S. Dep't of State v. Wash. Post Co.,* 456 U.S. 595, 602 (1982); *accord New York Times Co. v. NASA,* 920 F.2d 1002, 1005 (D.C. Cir. 1990) (en banc). Exemption 7(C) protects from disclosure information compiled for law enforcement purposes, to the extent that disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). Given the nature of the plaintiff's FOIA request, and its express references to the criminal case against him, it is apparent that the responsive records are law enforcement records within the scope of Exemption 7. *See Blackwell v. FBI,* 646 F.3d 37, 40 (D.C. Cir. 2011) (finding law enforcement assertion "especially convincing [where] [requester] explicitly sought records related to his own criminal prosecution."). The Court therefore addresses the EOUSA's justification for withholding information only under Exemption 7(C). *See, e.g.*, *Georgacarakos v. FBI*, 908 F. Supp. 2d 176, 182 n.3 (D.D.C. 2012) (declining to consider Exemption 6 separately where the same information fell under Exemption 7(C)).

The EOUSA's declarant explains that the agency "categorically applied [Exemption 6] in conjunction with [Exemption 7(C)] to all records pertaining to third party individuals to protect their personal privacy interests." Def.'s Mem., Luczynski Decl. ¶ 20; *see id.* ¶¶ 22-23. A requester may overcome this categorical exemption only "upon a showing that the withheld information is necessary to confirm or refute 'compelling evidence that the agency denying the FOIA request is engaged in illegal activity.'" *Kretchmar v. FBI*, 882 F. Supp. 2d 52, 57 (D.D.C. 2012) (quoting *Quinon v. FBI*, 86 F.3d 1222, 1231 (D.C. Cir. 1996)). Here, the plaintiff neither challenges the EOUSA's reliance on Exemption 7(C), nor produces evidence – compelling or otherwise – that the EOUSA has engaged in illegal activity.

The EOUSA's position is entirely consistent with the law of this Circuit: "to the extent any information contained in 7(C) investigatory files would reveal the identities of individuals who are subjects, witnesses, or informants in law enforcement investigations, those portions of responsive records are categorically exempt from disclosure." *Nation Magazine v. U.S. Customs Serv.*, 71 F.3d 885, 896 (D.C. Cir. 1995). Its decision to withhold third-party information is therefore appropriate.

### D. Segregability

"If a document contains exempt information, the agency must still release 'any reasonably segregable portion' after deletion of the nondisclosable portions." *Oglesby v. U.S. Dep't of the Army*, 79 F.3d 1172, 1176 (D.C. Cir. 1996) (quoting 5 U.S.C. § 552(b)). Hence, the Court must determine whether the EOUSA has released all reasonably segregable portions of the responsive records. *See Trans–Pacific Policing Agreement v. U.S. Customs Serv*., 177 F.3d 1022, 1026-28 (D.C. Cir. 1999).

The EOUSA's declarant avers that "[a]ll information withheld was exempt from disclosure pursuant to a FOIA exemption." Def.'s Mem., Luczynski Decl. ¶ 24. "After EOUSA considered the segregability of the requested records," the declarant further states, "no reasonably segregable non-exempt information was withheld from [the] plaintiff." *Id.* Based on the Court's review of the supporting declaration and copies of the three redacted pages released by the EOUSA, *see* Compl., Ex. E, E-2 & E-3, the Court finds that the defendant has demonstrated that it released all reasonably segregable portions of the records responsive to the plaintiff's FOIA request.

### III. CONCLUSION

For the reasons set forth above, the Court concludes that the defendant has demonstrated that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Its motion for summary judgment is therefore granted. An Order accompanies this Memorandum Opinion.

DATE: September 19, 2013  /s/
REGGIE B. WALTON
United States District Judge